We think the judgment below should be affirmed. To our minds there is too little resemblance in a public turnpike road and a navigable watercourse to afford analogy for argument, from which proper conclusions may be drawn. The turnpike is created by legislation and can be abolished by legislation. But a navigable watercourse is not created by legislation and cannot be abolished by legislation.
It is true that the Legislature may by proper enactment provide for the improvement of such waterways for the benefit of navigation. (752) But the Legislature cannot impose duties upon the commerce upon such waters, for the purpose of "building public bridges, and of cleaning out the fords, public and private, across" such watercourses. The right of taxation or "assessment" is a grant of sovereign power and can only be exercised for the public good. This sovereign power cannot be granted for private benefits or for corporate gain, unless such gain be incident to the public benefit, authorizing the exercise of the taxing power of government.
It is manifest from the provisions of this act that it was passed for the benefit of the counties of Burke, McDowell and Caldwell, and not for the public good — the improvement of the navigation of the streams therein named, as their improvement for such purpose is not mentioned. The duty of this "board is to remove driftwood (that may gather at shoals on said stream when the water is low, so as to obstruct fords used for public and private crossings, or pond back the water) at any point on the Catawba River," etc. And this board is to provide for the ascertainment of the number of logs floated and to fix the charge thereon; and "after paying for keeping the shoals as aforesaid and for ascertaining the number of logs floated, any residue of the fund arising from said tolls shall be divided among said counties." This board is to report to the commissioners of each of the counties the respective part of dividends that belong to it, and the commissioners shall "assess the same" and enter up judgment for said amount against the parties assessed, and execution shall issue thereon "as for other tax assessments." This act was passed in the spring of 1897, and under its operation the plaintiff was taxed $275.50 in the spring of 1898, and his property *Page 479 
advertised for sale. But few private business enterprises in this State can stand such an assessment as this. In our opinion, it is in contravention of the provision, Article VIII, section 4, of the Constitution, there being nothing in the act limiting the power or extent of (753) taxation.
But, outside of this provision of the Constitution, we do not believe it can be sustained. It provides for the levy of "taxes or assessments" on private property for private benefit, and not for the public good. It is in conflict with the whole tenor and spirit of the Constitution, and of our institutions. It is an unauthorized exercise of sovereign power in the hands of this new board of commissioners, and we think the judgment of the court appealed from should be affirmed.
MONTGOMERY, J., dissents.